590

**Marian P. VICK, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE,\* Defendant–
Appellee.**

No. 05–16595.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 18, 2007.

Filed May 2, 2007.

Harvey P. Sackett, Esq., Sackett & Associates A Professional Law Corp., San Jose, CA, for Plaintiff–Appellant.

John C. Cusker, Esq., Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: GOODWIN, D.W. NELSON, and CALLAHAN, Circuit Judges.

MEMORANDUM \*\*

It is legal error when an ALJ fails to grant deference to the conclusions of a treating physician where this court has advised the Commissioner that he must do so. *Ghokassian v. Shalala,* 41 F.3d 1300, 1303 (9th Cir.1994). The ALJ's conclusory assertions—for example that there was "no evidence of consistently severe limitations that would preclude the performance of a wide range of light work"—are not the sort of "specific, legitimate reasons ... based on substantial evidence in the rec-

ord" that we require when the opinion of a treating physician is rejected in favor of the views of a nonexamining physician. *Andrews v. Shalala,* 53 F.3d 1035, 1041 (9th Cir.1995) (citations omitted).

Dr. Jensen's opinion, by itself, does not constitute substantial evidence justifying the rejection of Dr. Katz's opinion. *See Lester v. Chater,* 81 F.3d 821, 831 (9th Cir.1995); *Gallant v. Heckler,* 753 F.2d 1450, 1456 (9th Cir.1984). Even if the opinions of additional nonexamining physicians serve to support the rejection of a treating physician's views in some cases, the opinions of Drs. Gordon and Jackson are of little consequence because they were formed without the benefit of a complete medical file. The other factors cited by the ALJ and the government on appeal are either illegitimate or insubstantial and do not provide legally sufficient reasons to reject Dr. Katz's views.

The vocational expert testified on cross examination that appellant would be incapable of performing any substantial gainful activity given the limitations identified by Dr. Katz. Because "no useful purpose would be served by further administrative proceedings," *Ghokassian,* 41 F.3d at 1304, we reverse the district court's decision, and remand for entry of judgment in Vick's favor as well as an award of benefits. *See also, e.g., Smolen v. Chater,* 80 F.3d 1273, 1292 (9th Cir.1996); *Bilby v. Schweiker,* 762 F.2d 716, 719–20 (9th Cir. 1985); *Irwin v. Shalala,* 840 F.Supp. 751, 770 (D.Or.1993).

**REVERSED and REMANDED**

---

\* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhardt as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.